IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

JEFFREY MCCOMB,

    Petitioner,

v.                                Case No. 1:19-cv-00890

WARDEN, FCI MCDOWELL,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Petitioner's Application to Proceed *in forma pauperis* (ECF No. 1) and his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 2). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner was previously convicted in the United States District Court for the Southern District of Illinois of one count of conspiracy to manufacture and possess with intent to distribute a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to serve 188 months in prison, followed by a five-year term of supervised release. Judgment, ECF No. 358, *United States v. McComb,* No. 4:07-cr-40032 (S.D. Il. Dec. 15, 2008). After serving his initial term of imprisonment and being released to supervision, Petitioner violated the terms of his supervised release. On February 21, 2019, the sentencing court revoked Petitioner's

term of supervised release and sentenced him to serve a term of imprisonment of 24 months, with no further supervision to follow. *Id.*, ECF No. 588. At the time he filed the instant petition, Petitioner was incarcerated at the Federal Correctional Institution, McDowell, in Welch, West Virginia, serving his revocation sentence.

The instant petition seeks the recalculation of Petitioner's sentence to add additional Good Conduct Time ("GCT") credit pursuant to § 102(b) of the First Step Act of 2018, which changed the method of calculating GCT under 18 U.S.C. § 3624(b). Previously, the BOP calculated GCT "at the rate of 54 days for each year of imprisonment served, rather than 54 days for each year of imprisonment imposed." *Bowden v. Marques*, No. 19-cv-1510 (WMW/TNL), 2019 WL 3847709, at *1 (D. Minn. July 19, 2019) (citing *Barber v. Thomas*, 560 U.S. 474, 477-79 (2010)), *report and recommendation adopted as modified*, 2019 WL 3840979 (D. Minn. Aug. 15, 2019). "Under this time-served method, the effective rate of good-time-credit accumulation (for a prisoner who earned all possible good-time credit) was 47 days per year." *Id.*; *accord Kieffer v. Rios*, No. 19-cv-00899, 2019 WL 3986260, at *1 (D. Minn. Aug. 23, 2019), *aff'd* 2019 WL 8194484 (8th Cir. Oct. 2, 2019) ("Under the previous method, a prisoner could earn up to 47 days of good-conduct time for each year of imprisonment."). Under the amended provision, "a prisoner may now earn up to 54 days of good-conduct time for each year of imprisonment." *Kieffer*, 2019 WL 3986260, at *1. The amendment of § 3624(b), which is retroactive, became effective July 19, 2019.

On September 3, 2019, the Federal Bureau of Prisons ("BOP") recalculated Petitioner's sentence and applied 14 days of GCT credit to his revocation sentence. However, the instant petition seeks a total of 70 days of additional credit, which

constitutes the retroactive application of GCT under the amended provision for the time Petitioner served on his initial term of imprisonment between February of 2008 and September of 2018. (ECF No. 2 at 2). In support of his claim that he should receive additional credit for the time served on his initial sentence, Petitioner relies on the Fourth Circuit's decision in *United States v. Venable*, 943 F.3d 187 (4th Cir. 2019), which held that supervised release is part of the original sentence for purposes of applying the retroactive amendments to the cocaine-related offense penalty statutes governed by the Fair Sentencing Act of 2010 and § 404 of the First Step Act of 2018.[1] Thus, based upon Venable's holding that a revocation sentence is part of the original sentence, Petitioner claims that the BOP should re-calculate his GCT credit based upon the aggregation of his original term of imprisonment and his revocation sentence.

According to the BOP inmate locator, Petitioner was released from BOP custody on October 27, 2020. Therefore, his request for relief can no longer be granted and his § 2241 petition is moot.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. CONST., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472,

---

1 While the Fourth Circuit has held that "[t]he sentence imposed upon revocation of a term of supervised release is an authorized part of the original sentence, just as the term of supervised release is an authorized part of the original sentence," *Venable*, 943 F.3d at 194, courts that have addressed the specific issue raised herein have determined that "a revocation sentence is separate and distinct from the original underlying sentence for purposes of calculating good-conduct time." *Kieffer*, 2019 WL 3986260, at *1 (citing cases); *see also, e.g., Barkley v. Dobbs*, No. 1:19-cv-3162, 2019 WL 6330744, at *3 (D.S.C. Nov. 12, 2019) ("Courts considering arguments similar to Petitioner's have concluded revocation sentences are separate from original sentences for the purpose of calculating good-time credit.") (collecting cases). In short, *Venable* involved a different section of the First Step Act and it is inapposite to Petitioner's circumstances. Thus, it appears that, even if it is not moot, Petitioner's claim for relief lacks substantive merit.

3

477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007). As noted above, Petitioner has been released from BOP custody without further supervision and, thus, has no collateral consequences. Therefore, no valid case or controversy exists, and this federal court is no longer able to grant Petitioner his requested relief. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's section 2241 petition is moot due to his release from BOP custody.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 2) and his Application to Proceed *in forma pauperis* (ECF No. 1) and dismiss this matter from the docket of the court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of

4

objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner at his last known address.

February 24, 2021

Dwane L. Tinsley
United States Magistrate Judge